UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC DAVID SEALES,

                    Plaintiff,

v.

MACOMB COUNTY and FREDERICK
TRUE, JASON STABLEY, TED
STABLEY, ROBERT WHITEHEAD, JIM
HILL, and RONALD GEKIERE,
individually and in their
official capacities,

                    Defendants.

_____/

CIVIL CASE NO. 03-40336

HONORABLE PAUL V. GADOLA
U.S. DISTRICT JUDGE

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS
TO MAGISTRATE JUDGE'S ORDER AND
GRANTING IN PART PLAINTIFF'S MOTION TO EXTEND DISCOVERY**

Magistrate Judge R. Steven Whalen issued a fifteen-page opinion and order on March 22, 2005 that granted in part and denied in part Plaintiff's motion to compel discovery. Plaintiff has filed with this Court objections to the Magistrate Judge's order. For the reasons stated below, the Court will overrule the objections. Also before the Court is Plaintiff's motion to extend discovery, which the Court will grant in part, as discussed below.

Plaintiff brings this case under 42 U.S.C. § 1983 alleging that while he was a resident at a Youth Home, Defendants assaulted and improperly restrained him. In his objections, Plaintiff

requests this Court to grant Plaintiff access to contact information for other residents and former residents. Plaintiff requests this information in order to demonstrate a pattern that a "restraint chair" was used for improper purposes and to locate witnesses for trial.

Rule 72(a) of the Federal Rules of Civil Procedure sets forth the standard by which this Court reviews a Magistrate Judge's order on a non-dispositive matter:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a) (emphasis added). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

In this case, the Magistrate Judge's opinion carefully reviews the state law requirements for confidentiality regarding the

identity and records of juvenile residents of Youth Homes and,
balancing this with the need for discovery, made his determination.
The Magistrate Judge did grant in part Plaintiff's motion, thereby
permitting Plaintiff access to redacted information.  The Court
considers the Magistrate Judge's balancing of the state
confidentiality statutes with the need for discovery to be
appropriate.  Having reviewed the opinion, the Court is not "left
with the definite and firm conviction that a mistake has been
committed."  Id.  The opinion is therefore not clearly erroneous.
Additionally, Plaintiff cites no legal authority in his objections.
Having reviewed the matter, the Court concludes that the Magistrate
Judge's decision is not contrary to law.  Consequently, under the
standard imposed by Rule 72(a), the Court finds no grounds for
sustaining objections to the Magistrate Judge's order.

Also before the Court is a motion by Plaintiff to extend
discovery.  The motion states that "[i]f there is an objection to
Magistrate Judge Whalen's ruling, Plaintiff requests that discovery
be extended 90 days from the date of the District Court's ruling
on the objection."  Mot. at p. 3.  Counsel for all Defendants,
except for Defendant Whitehead, concur in the request for
extension.  Id.  It appears that at least one deposition remains
to be taken, specifically that of a nurse who was on maternity
leave during the original discovery period.  Id. at 2.

Defendant Whitehead filed a response opposing the extension of discovery. Defendant Whitehead's primary concern seems to be that discovery should not occur after the dispositive motion deadline. Defendant Whitehead also claims that the discovery should not be extended because the pendency of this action is harming him. In particular, Defendant stated that he was seeking the position of Director of the Youth Home, and that the pendency of this lawsuit was affecting that determination. It appears, however, from Plaintiff's exhibit to his reply that Defendant Whitehead did not obtain that position for reasons that appear unrelated to the present action. Pl. Reply Ex. 1. This argument therefore seems moot.

Having reviewed this matter, the Court finds that a limited extension of discovery is warranted, but not so long as Plaintiff requests. Notably, the Magistrate Judge's opinion required certain discovery to be provided within fourteen days of the order. As that portion of the order was not objected to, the Court presumes that those materials have been provided already. The only other specific discovery mentioned in the motion is the nurse's deposition. The Court determines that a period of approximately forty-five (45) days is sufficient for concluding discovery in this matter. The Court will therefore grant Plaintiff's motion insofar as discovery shall be extended until July 1, 2005.

4

Furthermore, the Court will provide for the following dispositive motion briefing schedule. The dispositive motion deadline shall be extended to August 1, 2005, and no dispositive motions shall be filed until after the close of discovery on July 1, 2005. In the interests of judicial economy, and with the Court's inherent authority to manage its docket, the Court will address all of the dispositive motions at the same time. Defendant Whitehead already filed a motion for summary judgment on April 1, 2005, which shall remain pending. To simplify the briefing and to enable Defendant Whitehead to respond to any additional discovery, the Court will permit Defendant Whitehead to supplement his original motion with briefing or exhibits after July 1, 2005 and before August 1, 2005, or to file a notice that no supplemental brief will be filed. The supplemental brief, if any, shall not exceed ten pages. Plaintiff shall file a single response to Defendant Whitehead's motion and Defendant Whitehead's supplemental brief, if any, and Defendant Whitehead may file a reply. To clarify, Plaintiff is not required to file a response to Defendant Whitehead's motion until Defendant Whitehead files either a supplemental brief or a notice that no supplemental brief is forthcoming. All parties shall comply with the deadlines and requirements as provided in the local and federal rules (Defendant Whitehead's filing of the supplemental brief or notice that no

supplement will be filed shall begin the counting of the deadline for Plaintiff's response brief).

The remaining dates for the final pretrial conference and trial shall be set after the adjudications of the dispositive motions.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's objections [docket entry 44] to the Magistrate Judge's order [docket entry 37] are hereby **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend discovery [docket entry 38] is **GRANTED IN PART AND DENIED IN PART**, as follows.

**IT IS FURTHER ORDERED** that discovery shall be extended until **July 1, 2005.**

**IT IS FURTHER ORDERED** that the dispositive motion deadline shall be extended until **August 1, 2005.**

**IT IS FURTHER ORDERED** that the briefing schedule for Defendant Whitehead's motion for summary judgment shall be as discussed above.

**SO ORDERED.**

Dated:    May 10, 2005              s/Paul V. Gadola
                                    HONORABLE PAUL V. GADOLA
                                    UNITED STATES DISTRICT JUDGE

6

Certificate of Service

I hereby certify that on  May 11, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

_____ Frank W. Brochert _____ , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  Hugh M. Davis; Albert B. Addis _____ .


s/Ruth A. Brissaud _____
Ruth A. Brissaud, Case Manager
(810) 341-7845

7