UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC DAVID SEALES,

                Plaintiff,

                                            CIVIL CASE NO. 03-40336

v.

MACOMB COUNTY, et al.,                      HONORABLE PAUL V. GADOLA
                                                             U.S. DISTRICT COURT
                Defendants.
_____/

## ORDER SUSTAINING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

Plaintiff brings this case under 42 U.S.C. § 1983 alleging that while he was a resident at the Macomb County Juvenile Youth Home, Defendants assaulted and improperly restrained him. On November 3, 2005, Magistrate Judge R. Steven Whalen issued an order granting in part and denying in part Plaintiff's fourth motion to compel discovery. On November 17, Plaintiff filed objections to that portion of the Magistrate Judge's order that denied the production of the training records for all child care workers employed by the Macomb County Youth Home from 1998 to 2004. The objections were timely filed within ten days. *See* Fed. R. Civ. P. 6 (rule for computation of time).

Nondispositive orders, such as Magistrate Judge Whalen's order on Plaintiff's fourth motion to compel discovery, are governed by the terms of 28 U.S.C. § 636(b)(1)(A). This section states: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written

> order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

"According to the Supreme Court and the United States Court of Appeals for the Sixth Circuit, '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (Gadola, J.) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)).

As stated on the record at the November 2, 2005 hearing, Magistrate Judge Whalen denied Plaintiff's request for production of the training records of all child care workers employed at the youth home from 1998 to 2004 because Plaintiff had not shown sufficient relevance and because it would be overly burdensome. The Magistrate Judge also stated that he believed Plaintiff's request for the training records to be a "fishing expedition."

While it is true that discovery requests which are no more than "a fishing expedition" are not to be allowed, *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), Plaintiff's motion is not such a request. The Court finds that, in this case, production of the training records of all child care workers at the youth home is not a fishing expedition because the records are sufficiently relevant to Count III of Plaintiff's Second Amended Complaint. Count III consists of a claim that there was a policy or practice at the youth home of failing to supervise and discipline individuals for use of

2

excessive force and of tolerating the use of the restraint chair. Plaintiff alleges that this policy or practice resulted in violations of Plaintiff's constitutional rights. The training records of all employees at the youth home are relevant in establishing whether the youth home had such a policy or practice. Furthermore, compelling discovery of the training records of all employees is not so overly burdensome because it is limited in scope and because Defendant Macomb County has already been compelled to produce the disciplinary records of all employees of the youth home. Therefore, having been fully advised of the premises, the Court finds that Magistrate Judge Whalen's denial of Plaintiff's motion to compel the training records of all employees is clearly erroneous.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's objections [docket entry 84] are **SUSTAINED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Whalen's order granting and denying in part Plaintiff's fourth motion to compel discovery [docket entry 78] is **VACATED** with respect to the single issue of the production of the training records of all employees of the youth home from 1998 to 2004. Magistrate Judge Whalen's order is **AFFIRMED** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff's fourth motion to compel discovery [docket entry 68] is **GRANTED** with respect to the single issue of the production of the training records of all employees of the youth home from 1998 to 2004.

**SO ORDERED.**

Dated: February 6, 2006            s/Paul V. Gadola
                                    HONORABLE PAUL V. GADOLA
                                    UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   February 7, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
Frank W. Brochert; Hugh M. Davis, Jr.; Christina A. Ginter; Timothy S. Groustra; Cynthia Heenan; Joseph C. Pagano                                                                               , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                   .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845