UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC DAVID SEALES,

                        Plaintiff,

v.                                                   CIVIL CASE NO. 03-40336

MACOMB COUNTY and FREDERICK TRUE,
JASON STABLEY, TED STABLEY, ROBERT      HONORABLE PAUL V. GADOLA
WHITEHEAD, JIM HILL and RON GEKIERE,   U.S. DISTRICT COURT
individually and in their official capacity,

                        Defendants.
_____/

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION WITH MODIFICATIONS, GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

      This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff's claims center on the alleged use of unjustified and excessive force exercised by the individual Defendants against Plaintiff in an attempt to subdue Plaintiff while Plaintiff was residing at the Macomb County Juvenile Youth Home. Before the Court are Defendants' motions for summary judgment, and the Report and Recommendation of United States Magistrate Judge R. Steven Whalen. The Magistrate Judge issued his Report and Recommendation on August 29, 2006, recommending that Defendants' motions be granted in part and denied in part. Defendants Macomb County and Frederick True filed objections to the Report and Recommendation on September 18, 2006.

**I.**    **Legal Standard**

      The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v.*

*Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Defendant filed objections, this Court reviews de novo those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d. at 807.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2.

**II.     Analysis**

The Magistrate Judge first recommended that summary judgment be granted in favor of

2

Defendants Jason Stabley, Ted Stabley, Jim Hill, Ron Gekiere, and Robert Whitehead. The Magistrate Judge also recommended that Defendant Macomb County's motion for summary judgment be granted, insofar as it pertained to these Defendants. No objections have been filed concerning this portion of the Report and Recommendation. Accordingly, the Court will accept and adopt the Magistrate Judge's recommendation with regard to these Defendants.

The Magistrate Judge then recommended that summary judgment be denied for the remaining Defendant Frederick True and for Defendant Macomb County's motion, insofar as it pertained to Defendant True's actions. Defendants True and Macomb County filed objections to the Report and Recommendation, arguing that the Magistrate Judge erred by not finding that they were entitled to summary judgment.

The basic facts of the case are the following. Plaintiff was a resident of the Macomb County Juvenile Youth Home and had been confined in a room after having an altercation with another resident. Plaintiff admits that he began causing a disturbance by hitting the walls of his room. Defendant True came to Plaintiff's room in order to stop Plaintiff from causing the disturbance. True testified that Plaintiff was trying to destroy County property by kicking a thermostat cover. Plaintiff disputes that he was trying to destroy property. True testified that he knew Plaintiff had tried to commit suicide previously, and that True was trying to stop Plaintiff from causing a disturbance that might harm Plaintiff or someone else in the Youth Home. Plaintiff admits that though True commanded him to stop causing a disturbance and though True attempted to come into the room, Plaintiff disobeyed True's commands and blocked the door to prevent True from entering. Two other residents of the center, who were in their respective rooms down the hall, claim that True swore repeatedly. One of the residents claims that when True was finally able to push into

Plaintiff's room, True punched Plaintiff twice. True entered the room, and with the help of several other employees of the Youth Home, was eventually able to restrain Plaintiff, who was admittedly out of control.

Eighth Amendment violations under § 1983, such as Plaintiff is alleging against Defendant True, have an objective and a subjective component. First, the alleged wrongdoing must be objectively harmful. Second, the wrongdoer must act with the requisite state of mind. *Hudson v. McMillian*, 503 U.S. 1, 7-8 (1992). To prove the subjective component, the question to be determined is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. In his Report and Recommendation, the Magistrate Judge found that, when considering the facts in the light most favorable to Plaintiff, True's alleged actions of swearing and of punching Plaintiff twice before the rest of the Youth Home employees arrived to subdue Plaintiff create a genuine issue of material fact as to whether True acted in an excessive manner. The Magistrate Judge found that these alleged actions could not be construed to have promoted institutional security, and thus, did not further any legitimate penological objective. This Court disagrees with the Magistrate Judge's conclusion.

After a review of the evidentiary record and the relevant case law, this Court finds that even when considering the facts in the light most favorable to Plaintiff, as a matter of law, Plaintiff is unable to show a violation of the Eighth Amendment. In particular, Plaintiff is unable to establish the subjective component, namely, that True did not use force in a good faith effort to restore discipline, but that he acted in a malicious or sadistic manner. First, Plaintiff admits that before the incident in question, he and True had never been in a confrontation. Thus, there was no past history between True and Plaintiff, or reason for True to develop a malicious intent against Plaintiff.

Second, Plaintiff admits that he was causing a disturbance, that he was not listening to the legitimate demands of True, that he barred the door, and that he was extremely uncooperative and violently resisted the attempts of True and the other employees of the Youth Home to subdue Plaintiff.

The Sixth Circuit in *Pelfrey v. Chambers*, 43 F.3d 1034 (6th Cir. 1995) found a violation of the Eighth Amendment when plaintiff was assaulted for "absolutely no reason." *Pelfrey*, 43 F.3d at 1037. In the instant case, True's alleged assaultive behavior did have a legitimate penological reason: attempting to subdue an inmate who was out of control, physically violent, and, in True's mind, liable to hurt himself. The Court is mindful that "officials confronted with a prison disturbance must balance the threat unrest poses to inmates, prison workers, administrators, and visitors against the harm inmates may suffer if guards use force. Despite the weight of these competing concerns, corrections officials must make their decisions 'in haste, under pressure, and frequently without the luxury of a second chance.'" *Hudson*, 503 U.S. at 6 (citation omitted). Even if True did swear repeatedly, this is insufficient to rise to the level of a constitutional violation. Also, even if True entered Plaintiff's room with raised arms and struck Plaintiff, this is insufficient to demonstrate that True had a malicious and sadistic intent to cause harm based on the circumstances of the incident. On the contrary, True acted in haste and under pressure, in order to subdue an out-of-control inmate, which is a legitimate penological reason. Thus, even when considering the facts in a light most favorable to Plaintiff, this Court finds that there is no evidence indicating that True did not act in good faith or acted with a sadistic or malicious intent. Accordingly, Plaintiff cannot establish that his constitutional rights were violated, and True's motion for summary judgment should be granted.

A determinative issue as to whether an action can proceed against Defendant Macomb

5

County for municipal liability is whether Plaintiff suffered a deprivation of his constitutional rights. *See Schroder v. City of Fort Thomas*, 412 F.3d 724, 727 (6th Cir. 2005).  Having found that Defendant True's actions against Plaintiff do not rise to the level of a constitutional violation, this Court need not consider the constitutionality of Macomb County's customs or policies in running the Youth Home.  Consequently, Macomb County's motion for summary judgment should also be granted.

### III.    Conclusion

Accordingly, after having reviewed the Magistrate Judge's Report and Recommendation, Defendants' motions for summary judgment, and the applicable portions of the record, **IT IS HEREBY ORDERED** that Defendants True and Macomb County's objections [docket entry 141] to the Report and Recommendation [docket entry 140] are **SUSTAINED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry 140] is **ACCEPTED and ADOPTED with modifications**.  In particular:

1.    In accordance with the Magistrate Judge's recommendation, **IT IS HEREBY ORDERED** that Defendants Jason Stabley, Ted Stabley, Jim Hill, Ron Gekiere, and Robert Whitehead's motions for summary judgment and Defendant Macomb County's motion for summary judgment insofar as it pertains to actions by these Defendants [docket entries 87, 88] are **GRANTED**.

2.   Contrary to the Magistrate Judge's recommendation, **IT IS HEREBY ORDERED** that Defendant True's motion for summary judgment and Defendant Macomb County's motion for summary judgment insofar as it pertains to True's actions [docket entries 87, 88] are **GRANTED**.

Since Defendants' motions for summary judgment are granted in their entirety, **IT IS**

**FURTHER ORDERED** that this action, Civil Case No. 03-40336, is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Dated:     September 29, 2006               s/Paul V. Gadola
                                            HONORABLE PAUL V. GADOLA
                                            UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on    October 2, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
    Hugh M. Davis, Jr.; Christina A. Ginter; Timothy S. Groustra; Cynthia Heenan; Joseph C. Pagano                                                                    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                     .

                                            s/Ruth A. Brissaud
                                            Ruth A. Brissaud, Case Manager
                                            (810) 341-7845